IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TREIS BLOCKCHAIN, LLC, ) | |
| ) | |
| Plaintiff/Counterclaim Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| JOHN CHAIN and ) | |
| CHAIN ENTERPRISES, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | C.A. No. 1:21-cv-1435-MN-MPT |
| ) | |
| CHAIN ENTERPRISES, LLC, ) | |
| ) | |
| Counterclaim Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MICHAEL BOLICK, ) | |
| ) | |
| Counterclaim Defendant. ) | |

## MEMORANDUM OPINION

On September 3, 2021, Treis Blockchain, LLC ("Treis" or "plaintiff") filed a civil action against John Chain ("Chain") and Chain Enterprises, LLC ("Chain Enterprises") (collectively, "defendants") in the Court of Chancery of the State of Delaware, captioned *Treis Blockchain, LLC v. John Chain and Chain Enterprises, LLC*, C.A. No. 2021-0764-PAF.[1] Plaintiff's causes of action are related to the formation of Cevon Technologies, LLC ("Cevon") by plaintiff and Chain Enterprises. Cevon is a limited liability company formed under the laws of Delaware and is governed by the Cevon

---

[1] D.I. 1-1 ("Complaint"). Plaintiff's four-count Complaint alleges: Breach of Contract against Chain Enterprises (Count I); Breach of the Implied Covenant of Good Faith and Fair Dealing against Chain Enterprises (Count II); Fraudulent Inducement against both defendants (Count III); and Fraud against both defendants (Count IV). *Id.*

Operating Agreement ("LLC Agreement").[2] On October 8, 2021, defendants removed the state action to this court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441.[3]

On November 12, 2021, defendants filed an Amended Answer, Affirmative Defenses, and Counterclaims.[4] Defendant Chain Enterprises asserted two counterclaims: Breach of Contract against Treis (Counterclaim I) and Gross Negligence and Willful Misconduct against Treis and Michael Bolick (Counterclaim II).[5]

Presently before the court is Treis Blockchain, LLC's Partial Motion to Dismiss Counterclaim for Breach of Contract Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) Motion.[6] Specifically, plaintiff moves to partially dismiss Counterclaim I to the extent it is based on the alleged violation of defendant Chain Enterprises' inspection rights under the LLC Agreement.[7]

For the reasons set forth below, plaintiff's Motion is granted with leave to amend.

## I. BACKGROUND

Defendant Chain Enterprises is a member of Cevon.[8] Cevon is governed by the LLC Agreement.[9] Chain Enterprises' Counterclaim I alleges Breach of Contract against

---

[2] D.I. 13-1, Ex. A.
[3] D.I. 1 (Notice of Removal).
[4] D.I. 7.
[5] *Id.*
[6] D.I. 12. Briefing on the Motion is found at D.I. 13 (plaintiff's opening brief); D.I. 19 (defendants' answering brief); and D.I. 25 (plaintiff's reply brief). On February 2, 2022, the parties consented to this judge's jurisdiction to decide the Motion. *See* D.I. 27.
[7] D.I. 12.
[8] D.I. 7 ¶ 8.
[9] *Id.* ¶ 14.

Treis based in part on the allegation that "Treis breached Section XI.2 of the LLC Agreement by wrongfully depriving Chain Enterprises of its inspection rights pursuant to the LLC Agreement."[10]  Section XI.2 provides:

> Subject to Section X.1, upon reasonable notice from a Member, the Company shall afford such Member and its Representatives access during normal business hours to (i) each Company Entity's properties, offices, plants and other facilities; (ii) the corporate, financial and similar records, reports and documents of such Company Entities, including all books and records, minutes of proceedings, internal management documents, reports of operations, reports of adverse developments, copies of any management letters and communications with Members, and to permit each Member and its Representatives to examine such documents and make copies thereof or extracts therefrom; and (iii) any Officers, senior employees and accountants of any Company Entity, and to afford each Member and its Representatives the opportunity to discuss and advise on the affairs, finances, and accounts of such Company Entity with such Officers, senior employees and accountants (and the Company hereby authorizes such employees and accountants to discuss with such Member and its Representatives such affairs, finances and accounts); provided that (x) the requesting Member shall bear its own expenses and all reasonable expenses incurred by any Company Entity in connection with any inspection or examination requested by such Member pursuant to this Section XI.2 and (y) if any Company Entity provides or makes available any report or written analysis to or for any Member pursuant to this Section XI.2, it shall promptly provide or make available such report or analysis to or for the other Member.[11]

Plaintiff allegedly breached this section:

> by wrongfully depriving Chain Enterprises of its inspection rights pursuant to the LLC Agreement.  Chain Enterprises has repeatedly made requests to Treis for access to all Cevon related systems, documentation and records, and those requests have been ignored.  Specifically, Treis has denied Chain Enterprises access to the following:
>
> a. Testing facilities and machines;
> b. The Cevon related email accounts of Chain Enterprises and its representatives;

---

[10] *Id.* ¶ 130.
[11] *Id.* ¶ 126.

      c. Cevon's financial and tax records;
      d. Cryptocurrency wallet and payout addresses associated with Cevon development projects.[12]

## II. PARTIES' POSITIONS

Plaintiff argues Count I of the counterclaim must be dismissed for failure to adequately plead compliance with the notice of inspection and delivery of notice requirements under the LLC Agreement and Delaware law.[13]

Chain Enterprises argues the Motion should be denied because its counterclaim has "provided the Court with a factual basis upon which the Court could find that Treis breached its obligation to provide Chain Enterprises with inspection rights under the LLC Agreement."[14] Chain Enterprises further contends plaintiff's argument requires the court to make impermissible factual determinations on a motion to dismiss.[15] Alternatively, Chain Enterprises requests leave to amend the counterclaim if the court finds the counterclaim has not been sufficiently plead.[16]

## III. LEGAL STANDARD

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the complaint's factual allegations as true.[17] Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."[18] The factual

---

[12] *Id.* ¶ 130.
[13] D.I. 13 at 2.
[14] D.I. 19 at 1.
[15] *Id.*.
[16] *Id.* at 1-2. Plaintiff does not oppose Chain Enterprises' alternative request. "Should this Court grant Treis's motion, Treis does not oppose Chain Enterprises' request for leave to file an amended counterclaim to address the deficiencies in its pleading."  D.I. 25 at 6.
[17] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).
[18] *Id.* at 555.

allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements.[19] Moreover, there must be sufficient factual matter to state a facially plausible claim to relief.[20] The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21]

## IV. DISCUSSION

Chain Enterprises alleges plaintiff breached Section XI.2 of the LLC Agreement, which governs inspection rights, "by wrongfully depriving Chain Enterprises of its inspection rights pursuant to the LLC Agreement" as described above.[22]

Treis argues Chain Enterprises "has failed to state a facially plausible claim for relief against Plaintiff for breach of contract based on inspection rights" because it fails to allege "it made any demands for inspection in writing or complied with the delivery requirements of such notice under the LLC Agreement."[23] Section XI.2 provides inspection rights "upon reasonable notice from a Member."[24] Section XIII.3 details the notice requirements:

> **Section XIII.3** **Notices.** *All notices*, requests, consents, claims, demands, waivers and other communications *hereunder shall be in writing and shall be deemed to have been given*: (a) when delivered by hand (with

---

[19] *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact).").
[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[21] *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (internal quotation marks omitted).
[22] D.I. 7 ¶ 130.
[23] D.I. 13 at 4.
[24] D.I. 13-1, Ex. A § XI.2.

written confirmation of receipt); (b) when received by the addressee if sent by a nationally recognized overnight courier (receipt requested); (c) on the date sent by facsimile or email of a PDF document (with confirmation of transmission) if sent during normal business hours of the recipient, and on the next Business Day if sent after normal business hours of the recipient; or (d) on the third day after the date mailed, by certified or registered mail, return receipt requested, postage prepaid. Such communications must be sent to the respective parties at the following addresses (or at such other address for a party as shall be specified in a notice given in accordance with this Section XIII.3)[.][25]

According to plaintiff, "under the LLC Agreement, reasonable notice by a Member is a condition precedent to the obligation to afford access to properties and documents" and, therefore, "the reasonable notice requirement in Section XI.2 requires Chain Enterprises to provide notice that is both reasonable and complies with the notice requirements of Section XIII.3."[26]

Chain Enterprises counters

[t]he subject counterclaim sets forth sufficient factual matter that if accepted as true, would allow the Court to draw the reasonable inference that Chain Enterprises made requests to Treis for access to a number of enumerated items, that Treis ignored and denied the requests, and that by doing so, Treis breached the LLC Agreement by wrongfully depriving Chain Enterprises of its inspection rights under Section XI.2 of the LLC Agreement.[27]

Moreover, Chain Enterprises maintains Section XI.2 "merely requires Chain Enterprises to give 'reasonable notice' - and makes no reference to any other requirement or

---

[25] *Id.* § XIII.3 (emphasis added) (listing the specific entities and the addresses to which notice must be sent).

[26] D.I. 25 at 4-5 (citing *SLMSoft.Com, Inc. v. Cross Country Bank*, No. CIV. A. 00C09163JRJ, 2003 WL 1769770, at *12 (Del. Super. Ct. Apr. 2, 2003) ("A term rendering performance by one party contingent upon a condition or performance of another is generally a condition precedent."))

[27] D.I. 19 at 4.

provision of the LLC Agreement."[28]  Lastly, Chain Enterprises argues plaintiff's interpretation renders the term "reasonable" meaningless, "which is contrary to well settled principles of contractual interpretation."[29]

Under Delaware law, a court should effectuate the parties' intent when interpreting a contract and in doing so, "[c]lear and unambiguous language . . . should be given its ordinary and usual meaning."[30]  Here, Section XIII.3 of the LLC Agreement explicitly applies to "*[a]ll notices*, requests, consents, claims, demands, waivers and other communications *hereunder*. . . ."[31]  Section XIII.3 creates no exceptions for its notice requirements and Section XI.2 does not limit the language of Section XIII.3 in any way.  The clear and unambiguous language demonstrates the parties intended for *any* notices given under the LLC Agreement be given pursuant to the requirements of Section XIII.3.  Therefore, when notice is given pursuant to Section XI.2, the notice must be "reasonable" *and* it must comply with Section XIII.3's requirements before plaintiff's contractual obligations are triggered.[32]  The counterclaim does not allege compliance with those requirements.

Accordingly, plaintiff's motion to dismiss Chain Enterprises' counterclaim for breach of contract relating to inspection rights is granted with leave to amend.

---

[28] *Id.*

[29] *Id.* at 5 (citing *Pacira BioSciences, Inc. v. Fortis Advisors LLC*, No. CV 2020-0694-PAF, 2021 WL 4949179, at *10 (Del. Ch. Oct. 25, 2021) (In interpreting a contract, "the court must read a contract so as not to render any part of the contract 'mere surplusage,' or 'illusory or meaningless.'") (internal citations omitted)).

[30] *Lorillard Tobacco Co. v. Am. Legacy Found.*, 903 A.2d 728, 739 (Del. 2006).

[31] D.I. 13-1, Ex. A § XIII.3 (emphasis added).

[32] Contrary to Chain Enterprises' argument, because the notice must be reasonable *and* comply with Section XIII.3's requirement, adopting this interpretation does not render the term "reasonable" meaningless.

## V.      CONCLUSION

For the forgoing reasons, the court grants with leave to amend plaintiff's Motion to partially dismiss counterclaim I to the extent it is based on the alleged violation of defendant Chain Enterprises' inspection rights under the LLC Agreement.


March 17, 2022                                  /s/  Mary Pat Thynge
                                         CHIEF U.S. MAGISTRATE JUDGE